UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>CHIPOTLE MEXICAN GRILL, INC.; STEVE ELLS; STEVE ADAMS,<br><br>        Defendants. | No. 2:16-cv-2966-MCE-KJN PS<br><br>ORDER |

        Plaintiff Leah Caldwell, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  After carefully reviewing plaintiff's complaint, the court concludes that the action should be transferred to the United States District Court for the District of Colorado.

        The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1 this section, any judicial district in which any defendant is subject to the court's personal
2 jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

3    In this case, plaintiff alleges that, in the late Summer to early Fall of 2006, defendant
4 Steve Adams took unauthorized photographs of plaintiff as she was sitting in a Chipotle
5 restaurant near the University of Denver in Colorado.  After she exited the restaurant, defendant
6 Adams apparently asked plaintiff to sign a release of rights, but plaintiff refused.  Years later, in
7 December 2014, plaintiff saw her photograph (with some editing) in a Chipotle restaurant in
8 Orlando, Florida.  Subsequently, in March 2015, plaintiff again saw that photograph in Chipotle
9 restaurants in Sacramento, California, and Roseville, California.  Accordingly to plaintiff,
10 defendant Adams sold the rights to the unauthorized photograph to defendants Chipotle Mexican
11 Grill, Inc. and Steve Ells (the CEO of Chipotle Mexican Grill, Inc.) to use for Chipotle
12 promotional purposes, and that Chipotle improperly failed to verify the existence or authenticity
13 of a release for the photograph.   Plaintiff asserts claims for commercial appropriation of the
14 photograph and constructive invasion of privacy against defendants.  (<u>See generally</u> ECF No. 1.)

15    In light of the foregoing, this district is not the proper venue for this action.  For purposes
16 of 28 U.S.C. § 1391(b)(1), none of the defendants reside in this district.  By plaintiff's own
17 allegations, defendant Chipotle Mexican Grill, Inc. is incorporated in Colorado with its principal
18 place of business in Colorado, and defendants Ells and Adams are citizens of Colorado.
19 Additionally, for purposes of 28 U.S.C. § 1391(b)(2), this district is not a district in which a
20 substantial part of the events or omissions giving rise to the claims occurred.  The photograph at
21 issue was allegedly taken in Colorado by a Colorado photographer, and thereafter allegedly sold
22 to a Colorado corporation for its promotional purposes.  Although plaintiff saw the photograph in
23 Chipotle restaurants in California, she first saw the image, which appears to have been distributed
24 nationwide, in Florida.  Thus, California and this district have at best only a tangential connection
25 to the events giving rise to plaintiff's claims.  Furthermore, 28 U.S.C. § 1391(b)(3) does not apply
26 in this case, because there is another district in which this action may be brought—the District of
27 Colorado.
28 ////

1   "The district court of a district in which is filed a case laying venue in the wrong division
2   or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
3   division in which it could have been brought." 28 U.S.C. § 1406(a).  Here, filing in this district
4   appears to have been an inadvertent error by a pro se plaintiff unfamiliar with the procedural rules
5   of venue.  As such, the court finds that transfer in lieu of dismissal is appropriate.

6   Finally, the court notes that even if venue were not strictly improper under 28 U.S.C. §
7   1406(a), a transfer of venue pursuant to 28 U.S.C. § 1404(a) would nonetheless be warranted.  28
8   U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of
9   justice, a district court may transfer any civil action to any other district or division where it might
10  have been brought or to any district or division to which all parties have consented."  Here, while
11  litigating the case in the District of Colorado may be less convenient for plaintiff, and litigating
12  this case in the Eastern District of California may be less convenient for defendants, most of the
13  witnesses and evidence concerning plaintiff's claims would be located in the District of Colorado
14  where the photo was allegedly taken and sold for promotional purposes.  Therefore, on balance,
15  the interest of justice militates in favor of venue in the District of Colorado.

16  Therefore, the court transfers this action to the District of Colorado.  In light of the
17  transfer, the court declines to rule on plaintiff's pending motion to proceed *in forma pauperis*,
18  which will be resolved by the district court in Colorado.  In transferring this action, this court also
19  expresses no opinion regarding the merits of plaintiff's claims.

20  Accordingly, IT IS HEREBY ORDERED that:
21  1. The action, including plaintiff's pending motion to proceed *in forma pauperis*, is
22     TRANSFERRED to the United States District Court for the District of Colorado
23     pursuant to 28 U.S.C. § 1406(a), or alternatively, pursuant to 28 U.S.C. § 1404(a).
24  2. The Clerk of Court shall close this case.[2]

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the District of Colorado.  Further information regarding that court's Local Rules and procedures can be obtained on the court's website at http://www.cod.uscourts.gov or by telephone at (303) 844-3433.  *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*

1       IT IS SO ORDERED.

2 Dated: December 23, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE